IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| **JESSICCA SHUMARD &** | ) |
| **LEANNA SHUMARD,** | ) |
| Plaintiffs, | ) |
| | ) CASE NO.: 20-5086 |
| v. | ) |
| | ) |
| **NAVIENT SOLUTIONS, LLC,** | ) |
| | ) |
| Serve at: | ) |
| CSC-LAWYERS INCORPORATING SERVICE COMPANY | ) |
| 221 BOLIVAR STREET | ) |
| JEFFERSON CITY, MO 65101 | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiffs, Jessicca Shumard & Leanna Shumard, and for their Petition states as follows:

## INTRODUCTION

1. This is an action for statutory and actual damages brought by individual consumers for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq*.

2. This is an action for statutory and actual damages brought by individual consumers for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3. This is an action for actual and punitive damages brought by individual

consumers for invasion of privacy.

4. Plaintiffs demand a trial by jury on all issues so triable.

## JURISDICTION

5. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendant placed prohibited telephone calls to Plaintiffs at Plaintiffs' phones located in Jasper County, Missouri.

6. This Court has jurisdiction of the FDCPA claim under 15 USC § 1692k (d) because the Defendant's illicit collection activity was directed at Plaintiffs in Jasper County, Missouri.

7. This Court has jurisdiction of the state law claim of invasion of privacy pursuant to 28 U.S.C. § 1367 because the conduct giving rise to the claim occurred in Jasper County, Missouri.

## PARTIES

8. Plaintiffs are natural persons currently residing in Jasper County, Missouri.

9. Defendant Navient Solutions, LLC ("Navient") is a foreign corporation with its principal place of business in Wilmington, DE. The principal business purpose of Defendant Navient is the collection and servicing of federal student loan debt.

10. Defendant Navient Solutions, LLC is the wholly owned subsidiary of Navient Corporation.

11. Defendant Navient Solutions, LLC is the servicer of its parent corporation Navient Corporation's federally backed student loan portfolio.

12. Defendant, Navient Solutions, LLC, d/b/a the Navient Corporation, has been formerly known as: Sallie Mae, Inc., Sallie Mae, and Navient Solutions, Inc.

13. Navient is the largest student loan servicer in the United States. Navient services the loans of more than 12 million borrowers, including over 6 million customer accounts under a contract with the U.S. Department of Education, and more than $300 billion in federal and private student loans.

14. Navient's principal responsibilities as a servicer include managing borrowers' accounts; processing monthly payments; assisting borrowers to learn about, enroll in, and remain in alternative repayment plans; and communicating directly with borrowers about the repayment of their loans.

15. Following a corporate reorganization in 2014, Navient Corporation was the successor to SLM, Inc., d/b/a Sallies Mae, and Navient, LLC. As part of this reorganization, Navient Corporation assumed certain liabilities related to the servicing and collection activities of SLM, Inc. d/b/a Sallie Mae, Navient, LLC, and their subsidiaries.

16. Defendant Navient Solutions, LLC services and collects on student loans acquired in its office after the loans were delinquent and defaulted upon with the loan originator or original servicer.

17. SLM, Inc., d/b/a Sallie Mae, was awarded the servicing-contract with the U.S. Department of Education in 2009, and that contract continues to be in force to the present (subject to various modifications that the parties to that contract have executed). All documents related to that contract were signed in the name of SLM, Inc. (or Corporation), or, subsequently, Navient, LLC. Accordingly, as a result of the 2014 corporate reorganization, Navient Corporation (via its holding/parent company, Navient Solutions, LLC), is currently the entity that contracts with the U.S. Department of Education for the servicing of federal student loans, as well as being a main third-party servicer and collector of private student loan debt throughout the United States.

18. In public statements, including annual 10-K filings with the U.S. Securities and Exchange Commission, Navient Corporation (including its predecessor SLM, Inc.) has boasted about its capabilities with respect to student loan servicing and collection, including helping consumers navigate the path to financial success and select the appropriate payment plan for their circumstances. Navient Corporation has also indicated that it is responsible for overseeing the strategic direction and business goals of its subsidiaries. For instance, Navient Corporation's 2015 10-K filing includes the following statements:

- "Navient [Corporation] is the nation's leading loan management, servicing and ***asset recovery company***, committed to helping customers navigate the path to financial success. Servicing more than $300 billion in education loans, Navient [Corporation] supports the educational and economic achievements of more than 12 million customers."

- "Navient [Corporation] services loans for more than 12 million … customers, including 6.3 million customers whose accounts are serviced under Navient [Corporation]'s contract with ED. We help our customers navigate the path to financial success through proactive outreach and emphasis on identifying the payment plan that best fits their individual budgets and financial goals."

- "The Navient [Corporation] board of directors and its standing committees oversee our strategic direction, including setting our risk management philosophy, tolerance and parameters; and establishing procedures for assessing the risks our businesses face as well as the risk management practices our management team develops and implements."

- "Each business area within our organization is primarily responsible for managing its specific risks following processes and procedures developed in collaboration with our executive management team and internal risk management partners."

19. Navient Solutions, LLC, d/b/a Navient Corporation consented to, has knowledge of, has materially participated in, and has controlled the activities of Navient Solutions, Inc. and all other relevant Navient predecessor or subsidiary business entities material to the facts pleaded in this Complaint.

*Telephone Consumer Protection Act*

20. At all times relevant to this complaint, the Plaintiffs were and are a "person" as defined by the TCPA 47 U.S.C. § 153(39).

21. At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

22. Defendant at all times relevant to the complaint herein engaged in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

23. Defendant at all times relevant to the complaint herein engaged in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

24. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

25. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

*Fair Debt Collection Practices Act*

26. Plaintiffs are "consumers" within the meaning of the FDCPA. The alleged debt Plaintiffs owe arises out of consumer, family, and household transactions.

27. Specifically, Plaintiffs believe the alleged debt arose from a defaulted federal student loan serviced by Defendant Navient and in collections with Navient.

28. Defendant Navient is engaged in the collection of debts from consumers using the mail and telephone.

29. Defendant Navient regularly attempts to collect debts alleged to be due another.

30. Defendant Navient, at all times material to this Complaint, engaged in debt collection activities related to outstanding and delinquent student loans on behalf of several owners of federal student loans.

31. By Defendant Navient's own admission, it is engaged in several aspects of student loan management, including both servicing and *asset recovery*.

32. Defendant Navient is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

### *Invasion of Privacy*

33. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it states as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
> 15 U.S.C. § 1692(a) (emphasis added).

34. The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that robo calls created:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

## FACTS

35. Within the last four years immediately preceding the filing of this lawsuit, and within the last year, Defendant telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left pre-recorded messages on the Plaintiff's answering service in violation of the TCPA and FDCPA.

36. Sometime before September 19, 2013, Defendant's predecessor Sallie Mae, Inc. began attempts to collect Plaintiffs' defaulted student loans, now serviced by Defendant Navient and in collections with Defendant Navient. In their attempts to collect this debt, Defendant Navient made numerous unsolicited and unauthorized phone calls to Plaintiffs' cellular phone numbers, (417) 434-3177 and (417) 825-3908.

37. Plaintiffs never provided their cell phone numbers to Defendant, and Plaintiffs never gave their express written consent to be called on their cellular telephone by automatic dialed telephone calls or prerecorded messages.

38. Plaintiffs never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiffs that by executing an agreement, Plaintiffs consent to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

39. On or about September 19, 2013, Plaintiffs sent Defendant's predecessor Sallie Mae, Inc. a letter explicitly revoking any permission or consent Defendant's predecessor Sallie Mae, Inc., may have ever had to call their cellular telephone numbers and instructed Defendant's

predecessor Sallie Mae, Inc. to never call her or her mother ever again.

40. Missouri Revised Statutes § 351.450(1)-(5) grants a successor corporation all the rights and immunities of the acquired corporation, and also holds the successor corporation responsible and liable for all the liabilities and obligations of the acquired corporation.

41. Plaintiffs' September 19, 2013 revocation of consent was effective against Sallie Mae, Inc., and its successor corporation, Navient Corporation, and its subsidiary, Defendant Navient Solutions, LLC.

### *Violations of the TCPA*

42. Defendant never obtained express written consent from Plaintiffs to place telephone calls to Plaintiffs' cellular phones using an automatic telephone dialing system or to send pre-recorded messages to Plaintiffs' cellular phones.

43. Furthermore, on September 19, 2013, Plaintiffs explicitly revoked any permission or consent Defendant may have ever had to call her cellular telephones and instructed Defendant to never call their cellular telephones ever again.

44. Within the last four years, Defendant attempted to collect the student loan debt by making numerous unsolicited and unauthorized phone calls to Plaintiffs' cellular phone numbers, (417) 434-3177 and (417) 825-3908, using an automatic telephone dialing system and pre-recorded messages.

45. Defendant's phone calls for Plaintiffs were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone numbers that are registered to the Defendant.

46. Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiffs'.

47. These automated telephone dialing system calls were made to Plaintiffs' cellular phones and they were charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

### *Violations of the FDCPA*

48. Defendant Navient's use of a prohibited means of telecommunications violated the FDCPA, 15 U.S.C. §1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

49. Specifically, Defendant Navient's repeated and continuous placement of phone calls was done with the intent to annoy, abuse, and harass.

50. Defendant Navient's collection attempts have caused Plaintiffs to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

### *Invasion of Privacy – Intrusion Upon Seclusion*

51. Defendant Navient intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of these Plaintiffs by repeatedly and unlawfully attempting to collect a debt from Plaintiffs by calling Plaintiffs' cellular telephones after being told to stop, and thereby invaded Plaintiffs' rights to privacy.

52. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs.

53. The conduct of Defendant Navient in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by Defendant Navient that occurred in a way that would be highly offensive to a reasonable person in that position.

54. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages and punitive damages from Defendant Navient in an amount to be determined at

trial.

## COUNT I: VIOLATION OF THE TCPA

55. Plaintiffs re-alleges and incorporates by reference all prior paragraphs.

56. In its attempts to collect the alleged debt from Plaintiffs, Defendant has committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

    a. Placing non-emergency phone calls to Plaintiffs' cellular phones without express authorized consent of the Plaintiffs. 47 USC 227(b) (1) (A) (iii).

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE FDCPA

57. Plaintiffs re-allege and incorporate by reference all prior paragraphs.

58. In its attempts to collect the alleged debt from Plaintiffs, Defendant Navient has committed violations of the FDCPA, 15 U.S.C. 1692 et. Seq., including, but not limited to, the following:

    a. Engaging in unfair practices in an attempt to collect a debt. 15 U.S.C. §1692f.

    b. Placing continuous and repeated phone calls with the intent to annoy, abuse and harass. 15 U.S.C. § 1692d(5).

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant

Navient for:

    A.      Judgment that Defendant's conduct violated the FDCPA;

    B.      Actual damages;

    C.      Release of the alleged debt;

    D.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

    E.      For such other relief as the Court may deem just and proper.

### COUNT III: INVASION OF PRIVACY – INTRUSION UPON SECLUSION

59.    Plaintiffs re-allege and incorporate by reference all prior paragraphs.

60.    The aforementioned intrusion upon seclusion by Defendant Navient was highly offensive to a reasonable person.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant Navient for:

    A.      Actual damages;

    B.      Punitive damages;

    C.      Court costs;

    D.      For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello & Bressler, LLC

/s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiff
406 Boones Lick Rd
St. Charles, MO  63301
(636) 896-4170
(636) 246-0141 facsimile
dominic@pontellolaw.com